# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SUSANNE R. HURD,<br><br>              Plaintiff,<br><br>vs.<br><br>NATIONAL ASSOCIATION OF LETTER CARRIERS, NALC; FREDRIC V. ROLANDO, NALC Union President; NALC BRANCH 324, Greeley, Colo.; and RICHARD BYRNE, NALC Branch 324 President;<br><br>              Defendants. | 8:19CV209<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Motion to Dismiss, ECF No. 10, filed by Defendants National Association of Letter Carriers (NALC), NALC Branch 324, Fredric Rolando, and Richard Byrne. For the reasons stated below, the Motion will be granted.

## BACKGROUND

Pro se Plaintiff Susanne Hurd alleged the following facts in her Complaint, ECF No. 1-1, which are assumed true for purposes of the pending Motion to Dismiss:

> I started my Uniformed Civil Service Federal position for the United States Post Office in March of 2007 as PTF (Part Time Full) carrier at Scottsbluff Post Office of Nebraska moved into a FT (Full Time) carrier positions after a year and the [*sic*] I was forced into a PTF as a CLERK in 2011 in Mitchell Post Office of Nebraska for 6 months because my pregnancy then placed back into a PTF carrier position from here, I transferred as a PTF carrier to Torrington Post Office of Wyoming. After learning that that [*sic*] the USPS and NLAC made an agreement to drop PTF carrier positions, my PTF position was dissolved and I had to move into a FT carrier position back to Scottsbluff, Nebraska and from there I moved to Amarillo North Station Post Office of Texas. Because there was no FT positions back in Scottsbluff Post Office of Nebraska after having some personal issues came up, I respectfully resigned my position. Then, in November 11, 2017 I was rehired to Evans Post Office of Colorado which

states on my description of position information paperwork it says the following:

"This is a **non-career category in the NALC bargaining unit** through which employees hired to <u>serve a 360-day term</u>" (Occupation Code: 2310-0045 OPM U.S. Government)

(The term NALC bargaining Unit means: Union and I sure did pay NALC union dues to Branch 324 of Greeley, Colo.)

In which I worked 7 days a week 56 clocked hours without a day off except for Thanksgiving. Until, December 26, 2017 I was fired by the Postmaster General delegates without my rights to due process of an investigation because the NALC Union President delegate serving on his behalf from branch 324 refused to represent me.

Hurd filed her Complaint in the District Court of Scotts Bluff County, Nebraska, and Defendants removed the case to this Court. ECF No. 1. Defendants then moved to dismiss the Complaint under Rule 12(b)(2)[1] and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

In a separate, earlier-filed action against the United States Postal Service (USPS) and the Postmaster General, Hurd alleged the facts above and claimed USPS and the Postmaster General terminated her employment in violation of the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq. Hurd v. U.S. Postal Serv.*, Case No. 8:19-cv-00082 (D. Neb. filed Feb. 20, 2019).

## STANDARD OF REVIEW

**I.     12(b)(2)—Lack of Personal Jurisdiction**

---

[1] "Removal, in itself, does not constitute a waiver of any right to object to lack of personal jurisdiction . . . ." *Norsyn, Inc. v. Desai*, 351 F.3d 825, 828 (8th Cir. 2003) (quoting *Nationwide Eng'g & Control Sys., Inc. v. Thomas*, 837 F.2d 345, 347-48 (8th Cir. 1988).

"When challenged, 'the plaintiff bears the burden to show that jurisdiction exists.'" *Aly v. Hanzada for Imp. & Exp. Co., LTD*, 864 F.3d 844, 848 (8th Cir. 2017) (quoting *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 819 (8th Cir. 2014)). "To successfully survive a motion to dismiss challenging personal jurisdiction, a plaintiff must make a prima facie showing of personal jurisdiction over the challenging defendant." *Fastpath*, 760 F.3d at 820 (citing *K—V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 591 (8th Cir. 2011)). "A plaintiff's prima facie showing 'must be tested, not by the pleadings alone, but by affidavits and exhibits supporting or opposing the motion.'" *Fastpath*, 760 F.3d at 820 (internal quotations omitted). If no hearing is held, the evidence must be viewed "in a light most favorable to the plaintiff" and factual disputes are resolved in the plaintiff's favor. *Id.* Plaintiffs cannot shift the burden of proof to the party challenging jurisdiction. *Id.*

II.  **12(b)(6)—Failure to State a Claim**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy this requirement, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Corrado v. Life Inv'rs Ins. Co. of Am.*, 804 F.3d 915, 917 (8th Cir. 2015) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678), *cert. denied*, 135 S. Ct. 2941 (2015). The complaint's

factual allegations must be "sufficient to 'raise a right to relief above the speculative level.'" *McDonough v. Anoka Cty.*, 799 F.3d 931, 946 (8th Cir. 2015) (quoting *Twombly*, 550 U.S. at 555). The Court must accept factual allegations as true, but it is not required to accept any "legal conclusion couched as a factual allegation." *Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 373 (8th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ash v. Anderson Merchandisers, LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678), *cert. denied*, 136 S. Ct. 804 (2016).

On a motion to dismiss, courts must rule "on the assumption that all the allegations in the complaint are true," and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 555 & 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Mickelson v. Cty. of Ramsey*, 823 F.3d 918, 923 (8th Cir. 2016) (alternation in original) (quoting *Iqbal*, 556 U.S. at 679).

While "a pro se complaint must be liberally construed, and 'pro se litigants are held to a lesser pleading standard than other parties,'" *Whitson v. Stone Cty. Jail*, 602 F.3d 920, 922 (8th Cir. 2010) (quoting *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008)), "they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). Construing the complaint liberally "mean[s] that if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper

4

legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone*, 364 F.3d at 914).

## DISCUSSION

### I. Personal Jurisdiction

Defendants NALC Branch 324, Fredric Rolando, and Richard Byrne argue they should be dismissed because the Court lacks personal jurisdiction over them.

In determining whether personal jurisdiction over a nonresident defendant exists, the Court must determine whether: (1) the requirements of Nebraska's long-arm statute, Neb. Rev. Stat. § 25-536,[2] are satisfied; and (2) the exercise of jurisdiction is permitted by the Due Process Clause of the Fourteenth Amendment. *See Coen v. Coen*, 509 F.3d 900, 905 (8th Cir. 2007). Because § 25-536 extends jurisdiction over nonresident defendants to the fullest degree allowed by the Due Process Clause, *Pecoraro v. Sky Ranch for Boys, Inc.*, 340 F.3d 558, 561 (8th Cir. 2003), the Court need only determine whether the assertion of jurisdiction offends constitutional limits.

The Supreme Court "recognize[s] two types of personal jurisdiction: 'general' (sometimes called 'all-purpose') jurisdiction and 'specific' (sometimes called 'case-linked') jurisdiction." *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1779-80 (2017) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)); *see also BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017). "'Specific' or 'case-linked' jurisdiction 'depends on an affiliatio[n] between the forum and the underlying controversy

---

[2] "A court may exercise personal jurisdiction over a person . . . [w]ho has any other contact with or maintains any other relation to this state to afford a basis for the exercise of personal jurisdiction consistent with the Constitution of the United States." Neb. Rev. Stat. § 25-536.

5

. . . .'" *Walden v. Fiore*, 571 U.S. 277, 283 n.6 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). "This is in contrast to 'general' or 'all purpose' jurisdiction, which permits a court to assert jurisdiction over a defendant based on a forum connection unrelated to the underlying suit (*e.g.,* domicile)." *Walden*, 571 U.S. at 283 n.6. Under either theory, due process requires that a nonresident defendant have "certain minimum contacts . . . such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.* (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

According to the Complaint, Rolando is the president of the NALC, and Byrne is the president of NALC Branch 324 located in Greeley, Colorado. However, the Complaint failed to allege where Rolando and Byrne reside or whether they have any connection with Nebraska. Hurd's response brief and the materials submitted with it do not address the Court's personal jurisdiction over these defendants. Therefore, she failed to make a prima facie showing of either general or specific personal jurisdiction over these defendants, and the Court will dismiss them from this action.

## II. Failure to State a Claim

Hurd's Complaint claims the NALC breached its duty of fair representation by refusing to represent her and challenge USPS's decision to terminate her employment. NALC argues this claim is barred by the applicable statute of limitations.

The limitations period on a claim for breach of the fair duty of representation is six months, and that period "begins to run when the employee knows or reasonably should know that the union has breached its duty of fair representation." *Wanner*, 179 F. Supp. 3d 929, 936 (D. Neb. 2016) (citing *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151,

6

170 (1983) and quoting *Becker v. Int'l Bhd. of Teamsters Local 120*, 742 F.3d 330, 333 (8th Cir. 2014)). "A court may dismiss a claim under Rule 12(b)(6) as barred by the statute of limitations if the complaint itself establishes that the claim is time-barred." *Humphrey v. Eureka Gardens Pub. Facility Bd.*, 891 F.3d 1079, 1081 (8th Cir. 2018) (quoting *Illig v. Union Elec. Co.*, 652 F.3d 971, 976 (8th Cir. 2011)).

USPS terminated Hurd on December 26, 2017, and she filed her Complaint on May 10, 2019. Hurd also filed a charge against NALC with the National Labor Relations Board on January 12, 2018, alleging NALC refused to process her discharge grievance. ECF No. 12-3; *Kavowras v. New York Times Co.*, 328 F.3d 50, 57 (2d Cir. 2003) (affirming district court's decision to consider "NLRB charge on the defendant's motion to dismiss"); *Cf. Blakely v. Schlumberger Tech. Corp.*, 648 F.3d 921, 931 (8th Cir. 2011) ("We have previously held that an EEOC charge is a part of the public record and may be considered on a motion to dismiss."); *Humphrey*, 891 F.3d at 1081 ("The court may consider . . . matters of public record."). Thus, Hurd's Complaint and the public record establish that the limitations period began to run no later than January 12, 2018, and that Hurd's claim against NALC for breach of the duty of fair representation is untimely. This claim will be dismissed with prejudice.

Hurd's Complaint also alleges that under a collective bargaining agreement she had the right to notice and an investigation before termination. There are no allegations, however, that the referenced collective bargaining agreement required NALC to provide Hurd any notice or an investigation in connection with USPS's decision to terminate her employment. Thus, the Complaint failed to state a claim against NALC under § 301 of

7

the Labor Management Relations Act (LMRA),[3] 29 U.S.C. § 185(a). *United Steelworkers of Am., AFL-CIO-CLC v. Rawson*, 495 U.S. 362, 374 (1990) ("If an employee claims that a union owes him a more far-reaching duty, he must be able to point to language in the collective-bargaining agreement specifically indicating an intent to create obligations enforceable against the union by the individual employees.").

Finally, the Complaint alleges Hurd's rights under *NLRB v. J. Weingarten, Inc.*, 420 U.S. 251 (1975) and Article XV, Section 13 of the Nebraska Constitution were violated. In *Weingarten*, the Supreme Court found that employees have a "right of union representation at investigatory interviews which the employee reasonably believes may result in disciplinary action against him." 420 U.S. at 267. Article XV, Section 13 of the Nebraska Constitution provides that

> No person shall be denied employment because of membership in or affiliation with, or resignation or expulsion from a labor organization or because of refusal to join or affiliate with a labor organization; nor shall any individual or corporation or association of any kind enter into any contract, written or oral, to exclude persons from employment because of membership in or nonmembership in a labor organization.

The facts alleged in Hurd's Complaint do not state a plausible claim under *Weingarten* or Article XV, Section 13 of the Nebraska Constitution.

## CONCLUSION

Hurd failed to make a prima facie showing of personal jurisdiction over Defendants NALC Branch 324, Fredric Rolando, and Richard Byrne; and they will be dismissed from this action.

---

[3] Section 301 of the LMRA provides federal district courts with jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . ." 29 U.S.C. § 185(a).

Hurd's claim against NALC for breach of the duty of fair representation is untimely and will be dismissed, with prejudice. Construed liberally, her Complaint failed to state any other plausible claim for relief against NALC. To the extent Hurd believes she has a plausible claim for relief against NALC—other than a claim for breach of the duty of fair representation—she may file an amended complaint on or before June 24, 2019. Accordingly,

IT IS ORDERED:

1. The Motion to Dismiss, ECF No. 10, filed by Defendants National Association of Letter Carriers (NALC), NALC Branch 324, Fredric Rolando, and Richard Byrne, is granted;

2. Defendants NALC Branch 324, Fredric Rolando, and Richard Byrne are dismissed from this action;

3. Plaintiff Susanne Hurd's claim against Defendant NALC for breach of the duty of fair representation is dismissed, with prejudice;

4. All other claims by Plaintiff Susanne Hurd against Defendant NALC are dismissed, without prejudice; and

5. Plaintiff Susanne Hurd may file an amended complaint on or before June 24, 2019.

Dated this 10th day of June, 2019.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge