IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

SUSANNE R. HURD,

               Plaintiff,

    vs.

NATIONAL ASSOCIATION OF LETTER
CARRIERS, NALC,

               Defendant.

**8:19-CV-209**

**MEMORANDUM AND ORDER**

## I. INTRODUCTION

This case arises out of a dispute about Plaintiff's, Susanne R. Hurd's, termination from the United States Postal Services ("USPS") and Defendant's, National Association of Letter Carrier's ("NALC"), alleged violation of her rights in connection with her termination. *See* Filing 1-1; Filing 31 at 4. This matter now comes before the Court on defendant National Association of Letter Carrier's ("NALC's") Motion for Summary Judgment (Filing 45), Hurd's Motions to Strike (Filing 52; Filing 55), and Hurd's Motion for Summary Judgment (Filing 57).

As discussed below, Hurd alleges NALC dismissed her membership and/or disciplined her in violation of 29 U.S.C. § 411(a)(5). Upon consideration, the Court denies both Hurd's Motions to Strike and Motion for Summary Judgment but grants NALC's Motion for Summary Judgment.

## II. BACKGROUND[1]

NALC is a national labor union that serves as the collective bargaining representative of all city letter carriers employed by USPS. Filing 47 at 69. NALC and USPS are parties to a collective bargaining agreement that governs the terms and conditions of employment of city letter

---

[1] This section includes facts relevant to all pending motions. Many of these facts are based on NALC's statement of undisputed material facts in support of its motion. *See* Filing 46. Because Hurd failed to address or respond to these facts as required by NECivR 56.1(b)(1), the Court deems them admitted.

1

carriers. Filing 47 at 69. One of the terms of the collective bargaining agreement in place during the time in question permits NALC to file grievances against USPS on behalf of members. Filing 47 at 69, 75-84.

As is relevant here, NALC's membership, as defined by its constitution, consists of certain current USPS employees and employees unjustly separated from employment (as determined by NALC's Executive Council). Filing 47 at 69-70, 92-93. Individuals' memberships in NALC expire or cease when they no longer meet these membership criteria. Filing 47 at 70. However, such expired members "are not subject to any expulsion or dismissal proceedings" because "[t]hey simply cease to be members by virtue of their ineligibility for membership." Filing 47 at 70.

Hurd worked as a letter carrier for USPS from 2007 until 2017. Filing 47 at 21-22. For a brief period of time in 2017, Hurd resigned from USPS but reapplied and was rehired on November 11, 2017. Filing 47 at 23-24. A month later, in December of 2017, USPS terminated Hurd for "[f]ailure to be in regular attendance." Filing 47 at 24, 65. Prior to her termination, Hurd was an NALC member. Filing 47 at 22. Upon her termination, Hurd believed NALC's local branch should have filed a grievance against USPS on her behalf. Filing 47 at 29. The local NALC branch believed NALC had no right to grieve Hurd's termination under the collective bargaining agreement because she was in her probationary period. Filing 47 at 33, 67. The collective bargaining agreement states that discipline or removal of someone in Hurd's position is only subject to the grievance procedure if, within the preceding six months of employment, such a person worked ninety days or was employed for one hundred twenty days. Filing 47 at 69, 90. At no time did NALC's Executive Council determine that Hurd was unjustly separated from USPS. Filing 47 at 71.

Hurd's NALC membership expired at the time of her termination because she was neither a current USPS employee nor did NALC's Executive Council determine that Hurd was unjustly separated from USPS employment. Filing 47 at 71.

On April 22, 2019, Hurd filed a Complaint in the District Court of Scotts Bluff County, Nebraska, seeking damages based on numerous allegations stemming from her termination from employment with USPS.[2] Filing 1-1. Defendants removed the case to this Court on May 10, 2019. Filing 1 at 1, 3. Defendants then filed a Motion to Dismiss on May 17, 2019, based on lack of personal jurisdiction and failure to state a claim. Filing 10. In granting this motion, the Court dismissed defendants NALC Branch 324, Fredric Rolando, and Richard Byrne as parties to this action due to lack of personal jurisdiction. Filing 26 at 6, 8-9. Defendant NALC remained a party, but the Court dismissed with prejudice Hurd's claim against it for breach of the duty of fair representation. Filing 29 at 6-9. The Court dismissed without prejudice Hurd's other claims, Filing 24 at 7-9, but Hurd filed an Amended Complaint. Filing 25. Remaining defendant NALC moved to dismiss the Amended Complaint for failure to state a claim. Filing 26. Hurd then filed an amendment and a supplement to her Amended Complaint, Filing 28 and Filing 29, which the Court construed as responses to NALC's dismissal motion. *See* Filing 31 at 4.

The Court denied NALC's Motion to Dismiss upon finding Hurd adequately stated a claim for a violation of 29 U.S.C. § 411(a)(5), which prohibits a labor organization from disciplining one of its members unless the member has been served with specific written charges, given a reasonable time to prepare a defense, and afforded a full and fair hearing. Filing 31 at 4 (citing 29 U.S.C. § 411(a)(5)). However, the Court found that the Amended Complaint failed to state any other claims. Filing 31 at 5.

---

[2] The following facts are not a complete procedural history of the myriad miscellaneous motions and documents filed in this action but rather a selection of the filings relevant to the three motions at issue.

On October 7, 2019, NALC's New York counsel deposed Hurd via telephone. Filing 47 at 14, 16, 19. During her deposition, when asked if she had been expelled or dismissed from NALC or accused of violating NALC's rules, Hurd responded, "No." Filing 47 at 43.

On November 8, 2019, NALC filed the present Motion for Summary Judgment. Filing 45. On November 9, Hurd filed her response. Filing 48. NALC filed its response brief on November 11. Filing 49. That same day, Hurd filed two more responses, Filing 50 and Filing 51, and the Court subsequently struck both responses, on NALC's motion (Filing 54), as impermissible filings under NECivR 7.1(c) which prohibits additional filings without the Court's leave. *See* Filing 65. On November 12, Hurd then filed two documents styled as "Motions to Suppress" which the Court later construed as motions to strike her own deposition testimony. *See* Filing 65. That same day she also filed what the Court construed as her own Motion for Summary Judgment (Filing 57) and another response to NALC's summary judgment motion (Filing 58). The Court struck the latter pleading on NALC's motion (Filing 60) as another impermissible response under NECivR 7.1(c). *See* Filing 65. On November 22, Hurd filed her fifth response (Filing 64) to NALC's Motion for Summary Judgment, and the Court again struck this filing pursuant to NECivR 7.1(c). *See* Filing 65.

This matter now comes before the Court on defendant National Association of Letter Carrier's ("NALC's") Motion for Summary Judgment (Filing 45), Hurd's Motions to Strike (Filing 52; Filing 55), and Hurd's Motion for Summary Judgment (Filing 57). The Court will address each below. Ultimately, the Court grants NALC's Motion for Summary Judgment and denies both of Hurd's Motions to Strike and her Motion for Summary Judgment for the reasons discussed herein.

### III. STANDARD OF REVIEW

"Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Garrison v. ConAgra Foods Packaged Foods, LLC*, 833 F.3d 881, 884 (8th Cir. 2016) (citing Fed. R. Civ. P. 56(c). "[S]ummary judgment is not disfavored and is designed for every action." *Briscoe v. Cty. of St. Louis, Missouri*, 690 F.3d 1004, 1011 n.2 (8th Cir. 2012) (internal quotation marks omitted) (quoting *Torgerson v. City of Rochester*, 643 F.3d 1031, 1043 (8th Cir. 2011) (en banc)). In reviewing a motion for summary judgment, the Court will view "the record in the light most favorable to the nonmoving party . . . drawing all reasonable inferences in that party's favor." *Whitney v. Guys, Inc.*, 826 F.3d 1074, 1076 (8th Cir. 2016) (citing *Hitt v. Harsco Corp.*, 356 F.3d 920, 923–24 (8th Cir. 2004)). Where the nonmoving party will bear the burden of proof at trial on a dispositive issue, "Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), *except* the mere pleadings themselves." *Se. Missouri Hosp. v. C.R. Bard, Inc.*, 642 F.3d 608, 618 (8th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). The moving party need not produce evidence showing "an absence of a genuine issue of material fact." *Johnson v. Wheeling Mach. Prod.*, 779 F.3d 514, 517 (8th Cir. 2015) (quoting *Celotex*, 477 U.S. at 325). Instead, "the burden on the moving party may be discharged by 'showing' . . . that there is an absence of evidence to support the nonmoving party's case." *St. Jude Med., Inc. v. Lifecare Int'l, Inc.*, 250 F.3d 587, 596 (8th Cir. 2001) (quoting *Celotex*, 477 U.S. at 325).

In response to the moving party's showing, the nonmoving party's burden is to produce "specific facts sufficient to raise a genuine issue for trial." *Haggenmiller v. ABM Parking Servs., Inc.*, 837 F.3d 879, 884 (8th Cir. 2016) (quoting *Gibson v. Am. Greetings Corp.*, 670 F.3d 844, 853 (8th Cir. 2012)). The nonmoving party "must do more than simply show that there is some

metaphysical doubt as to the material facts, and must come forward with specific facts showing that there is a genuine issue for trial." *Wagner v. Gallup, Inc.*, 788 F.3d 877, 882 (8th Cir. 2015) (quoting *Torgerson*, 643 F.3d at 1042). "[T]here must be more than 'the mere existence of *some* alleged factual dispute'" between the parties in order to overcome summary judgment. *Dick v. Dickinson State Univ.*, 826 F.3d 1054, 1061 (8th Cir. 2016) (quoting *Vacca v. Viacom Broad. of Mo., Inc.*, 875 F.2d 1337, 1339 (8th Cir. 1989)).

## IV. DISCUSSION

Before the Court is NALC's Motion for Summary Judgment, Hurd's Motions to Strike, and Hurd's Motion for Summary Judgment. Because Hurd's Motions to Strike both pertain to her deposition testimony, which NALC relies on in support of its motion, the Court will address Hurd's Motions to Strike first before turning to NALC's and then Hurd's summary judgment motions. As discussed below, the Court denies Hurd's Motions to Strike, grants NALC's request for summary judgment, and denies Hurd's summary judgment motion.

### A. Motions to Strike

Hurd argues her deposition testimony should be stricken or suppressed for two reasons: (1) neither of the two New York-licensed attorneys who conducted her deposition was licensed "for Nebraska court"; and (2) the notary public or court reporter who recorded or transcribed her deposition testimony was not in the same location as Hurd during the deposition in violation of Neb. Ct. R. § 6-330, a Nebraska state-court rule governing civil discovery. Filing 52; Filing 55; Filing 56.

As to her first argument, the Court finds both of NALC's New York counsel motioned for and were admitted *pro hac vice* in this case. *See* Filing 6; Filing 7; Filing 8; Filing 9. Thus, the

Court authorized both attorneys to litigate this matter, including the taking of depositions, and the Court will deny Hurd's Motion to Strike (Filing 52).

In support of her second Motion to Strike (Filing 55), Hurd cites Neb. Ct. R. § 6-330 which states in relevant part as follows:

> (7) The parties may stipulate in writing, or the court may upon motion order, that a deposition be taken by telephone or by other remote means. For the purposes of these rules, a deposition taken by telephone or by other remote means is taken at the place where the deponent is to appear to answer questions. Absent a court order or stipulation of the parties, the officer must be in the same location as the deponent.

Hurd raises several arguments based on this rule. She argues the officer who administered her oath was in New York during the deposition while Hurd was in Nebraska. Filing 56 at 1. She also argues no court order or stipulation authorized this, and she did not agree to a telephonic deposition. Filing 56 at 1.

NALC argues Hurd is applying inapplicable Nebraska state court procedural rules in a federal action. Filing 61 at 2. The Court agrees, particularly in light of Fed. R. Civ. P. 30 enumerating the requirements for deposition procedure in federal court which does not impose a similar location requirement.[3] The Court will therefore deny Hurd's Motion to Strike. Filing 55.

### B. NALC's Motion for Summary Judgment

As the Court previously noted in its July 5, 2019, Order, Hurd's Amended Complaint (Filing 25) adequately stated a claim for a violation of 29 U.S.C. § 411(a)(5). Filing 31 at 4. She alleged she was dismissed from NALC without a full and fair hearing and was punished because

---

[3] Even if litigants in federal cases were bound by the discovery procedures of the Nebraska Supreme Court, the Court finds it hard to believe Hurd did not stipulate to a telephonic deposition given her participation in said deposition and failure to object to the oath administered by a court reporter in New York. The Court also finds meritless Hurd's unsupported claim that she was telephonically deposed under duress. *See* Filing 62.

NALC did not file a grievance on her behalf upon her termination. Filing 25 at 4; Filing 47 at 43.

Section 411(a)(5) provides:

> No member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for nonpayment of dues by such organization or by any officer thereof unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing.

29 U.S.C. § 411(a)(5).

NALC argues it in no way fined, suspended, expelled, or otherwise disciplined Hurd. Filing 46 at 9-11. It argues Hurd's membership simply expired due to her failure to meet the prerequisites for membership, namely employment by USPS or unjust separation from employment with USPS. Filing 46 at 9-11. It also argues that declining to file a grievance on Hurd's behalf is outside the scope of Section 411(a)(5).

Addressing first Hurd's claim that she was dismissed from NALC, the Court finds that the undisputed facts show she was not dismissed or expelled. First, Hurd was undisputedly terminated from employment with USPS in December of 2017 for "[f]ailure to be in regular attendance." Filing 47 at 24, 65. Second, at no time did the NALC's Executive Council determine that Hurd was unjustly separated from USPS. Filing 47 at 71. For those reasons, she failed to meet the NALC membership requirements of current USPS employment or unjust termination as determined by the Executive Council. Additionally, Hurd, when asked in her deposition if she had been expelled or dismissed from NALC or accused of violating NALC's rules, responded, "No." Filing 47 at 43. Hurd also did not dispute NALC's factual statement that her membership expired. *See* Filing 48. Pursuant to NECivR 56.1(b)(1), the Court deems this fact admitted. As a result, expulsion or dismissal cannot be the basis of any claim for a violation of Section 411(a)(5) because, (1) by her

own admission, she was not expelled from membership, and (2) her membership in NALC ceased for failure to meet the membership prerequisites.

The Court next address Hurd's claim that she was disciplined by NALC not grieving her termination. "Discipline" under 29 U.S.C. § 411(a)(5) refers only to "punishment authorized by the union as a collective entity to enforce its rules." *Breininger v. Sheet Metal Workers Int'l Ass'n Local Union No. 6*, 493 U.S. 67, 69, 110 S. Ct. 424, 427, 107 L. Ed. 2d 388 (1989). In her deposition, Hurd agreed that she had not been accused of violating any of NALC's rules. Filing 47 at 43. Regardless of whether NALC rightfully or wrongfully decided not to grieve Hurd's termination, its failure to do so is not a form of NALC punishment for the purpose of enforcing its own rules. Accordingly, failure to file a grievance in this instance is outside the scope of Section 411(a)(5).

Because the undisputed facts show NALC did not dismiss or expel Hurd from NALC and because, as a matter of law, NALC's failure to grieve her termination is not within the scope of 29 U.S.C. § 411(a)(5), NALC is entitled to summary judgment on Hurd's claim.

### C.  Hurd's Motion for Summary Judgment

Hurd filed a document requesting that the Court grant summary judgment in her favor pursuant to Fed. R. Civ. P. 56. Filing 57 at 1. In support of that motion, Hurd filed ten pages of assorted evidentiary documents. Filing 57-1. While she filed no brief in support, she did file a response brief laying out her arguments. *See* Filing 67. Specifically, Hurd relies on Fed. R. Civ. P. 2 in her request for a jury trial, and she also again alleges NALC terminated her membership without due process. *See generally* Filing 67.[4]

---

[4] NALC responded to Hurd's Motion for Summary Judgment (Filing 57 at 1) by pointing out Hurd's noncompliance with the local rules and failure to support any argument with evidence. Filing 66. While summary judgment is proper on these grounds alone, the Court otherwise addresses Hurd's motion.

As discussed above, the undisputed evidence shows no violation of 29 U.S.C. § 411(a)(5). Nothing in Hurd's assorted filings dispute or change that. Because summary judgment is proper in favor of NALC, Hurd's motion is denied as moot. There will be no trial in this matter because (1) the facts before the Court and lack of evidence otherwise show Hurd was not expelled from NALC or in any other way disciplined, and (2) failure to file a grievance does not fall within the meaning of the word "discipline" under Section 411(a)(5).

## V. CONCLUSION

For the foregoing reasons, Hurd's Motions to Strike ((Filing 52; Filing 55) are denied, NALC's Motion for Summary Judgment (Filing 45) is granted, Hurd's Motion for Summary Judgment (Filing 57) is denied, and this action will be dismissed with prejudice.

IT IS ORDERED:

1. Plaintiff's Motions to Strike (Filing 52; Filing 55) are denied;

2. Defendant's Motion for Summary Judgment (Filing 45) is granted;

3. Plaintiff's Motion for Summary Judgment (Filing 57) is denied;

4. Plaintiff's Amended Complaint (Filing 25) is dismissed in its entirety; and

5. A separate judgment will be entered.

Dated this 5th day of March, 2020.

BY THE COURT:

_____

Brian C. Buescher
United States District Judge